**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2195
_____

ARUN KUMAR SHUKLA,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-265-938)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2013
Before:  RENDELL, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: September 12, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner, Arun Kumar Shukla, a native and citizen of India, seeks review of a

final order of removal issued by the Board of Immigration Appeals ("BIA") on March 26,

2013.  We will deny the petition.

I.

Shukla was admitted to the United States in March 2004, and subsequently overstayed his visa. In 2010, the Government commenced removal proceedings against him under 8 U.S.C. § 1227(a)(1)(B) (providing that an alien who is present in the United States in violation of the INA or any other law of the United States, or whose nonimmigrant visa has been revoked under 8 U.S.C. § 1201(i), is deportable). Shukla admitted to the charge of removability. With the assistance of counsel, he applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He subsequently withdrew his asylum application, conceding that it was time-barred. However, he continued to pursue withholding of removal and CAT relief, asserting that if forced to return to India, he would be persecuted and tortured at the hands of the Student Islamic Movement of India ("SIMI"). He claimed that he had been previously targeted by that group because he was a Hindu, and an active member of the Akhil Bhartyia Vidhyarthi Parishav[1] ("ABVP"), a peace-promoting organization that opposes the violent acts of the SIMI.

In his testimony before the Immigration Judge ("IJ"), Shukla highlighted two instances in which he was attacked by SIMI members. The first occurred in 1993, and the second occurred in the winter of 2002-2003. Both incidents took place at his parents' home, and resulted in several of his family members' being badly injured and the home's being set on fire. During the first incident, Shukla was beaten and sustained an injury

---

[1] The name of this group was spelled slightly differently throughout the record. The spelling here is the one used by the agency.

that required stitches. During the second incident, he was beaten again and sustained a stab wound. On both occasions, Shukla received medical treatment for his injuries but was not hospitalized. After the 1993 incident, he relocated from his village to another part of India for seven years. During that time, SIMI members asked his friends, family, and neighbors about his whereabouts, threatening him in the process. Nevertheless, during that seven-year period Shukla lived unharmed and visited his home village many times without incident. In 2000, he returned to his parents' home during a peaceful period in his village. That peace abruptly ended in 2002, when the second attack took place in the midst of a resurgence of SIMI uprisings. After that second incident, Shukla again fled from his village, this time to New Delhi. Although SIMI members continued to look for him, he lived unharmed in New Delhi for a number of months. In 2004, after his family told him that SIMI members were out to kill him, he obtained a visa and left for the United States. According to Shukla, SIMI members continued to inquire about him after he left India, and threatened his family there in an effort to gain information about his whereabouts. However, he did not testify that his family in India was attacked after his departure to the United States.

After Shukla's merits hearing, the IJ issued a decision denying Shukla's requests for withholding of removal and CAT relief on the merits. On appeal, the BIA adopted and affirmed the IJ's decision, while at the same time adding some "notations" of its own.

Shukla now petitions for review of the agency's decision.

II.

3

We have jurisdiction over Shukla's petition pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings underlying its denial of withholding of removal and CAT relief for substantial evidence. See Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). We may not disturb those findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### III.

We first consider the agency's denial of Shukla's request for withholding of removal. To obtain withholding of removal, an alien must establish that it is more likely than not that his life or freedom would be threatened in the country of removal on account of a protected ground. See 8 U.S.C. § 1231(b)(3)(A); Tarrawally, 338 F.3d at 186. An alien satisfies this standard by showing either (1) past persecution, which creates a rebuttable fear of future persecution, or (2) a likelihood of future persecution. See 8 C.F.R. § 1208.16(b)(1)-(2); Garcia v. Att'y Gen., 665 F.3d 496, 505 (3d Cir. 2011). "Persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Where, as here, the alleged persecution "was not conducted directly by the government or its agents, the petitioner must also establish that it was conducted 'by forces the government is unable or unwilling to control.'" Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 591 (3d Cir. 2011) (internal quotation marks and citation omitted).

4

In this case, there is substantial evidence in the record to support the BIA's determination "that [Shukla] did not establish that any harm suffered, considered in the aggregate, rises to the level of past persecution." (A.R. at 3.) The two attacks by SIMI members happened nearly a decade apart, and neither incident resulted in severe injury to Shukla. Cf. Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("[O]ur cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution."). Although SIMI members made threats while he was living in India, those threats went unfulfilled and Shukla has not demonstrated that the threats were sufficiently menacing to constitute past persecution. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 341 (3d Cir. 2008) ("While we have stated that threats may constitute persecution, we have limited the types of threats constituting persecution to only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted).

Because Shukla was unable to establish past persecution, he had the burden of showing that he will "more likely than not" be subject to future persecution. See 8 C.F.R. § 1208.16(b)(2); Garcia, 665 F.3d at 505. In concluding that Shukla had not made that showing, the BIA highlighted the Indian government's "ongoing efforts to combat the SIMI," as well as the fact that Shukla "remained in India for an extended period of time after both incidents without harm and that his family has remained in the same town without further attacks." (A.R. at 4.) Because Shukla has not identified any record evidence that would compel a contrary conclusion, we find no error in the agency's denial of withholding of removal.

5

IV.

We now turn to the agency's denial of Shukla's CAT claim. To qualify for CAT relief, an alien must establish that it is "more likely than not" that he will be tortured if removed to the country in question. 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as intentional infliction of "severe pain or suffering. . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[A]cquiescence to torture can be found when government officials remain willfully blind to torturous conduct and thereby breach their legal responsibility to prevent it." Roye v. Att'y Gen., 693 F.3d 333, 343 (3d Cir. 2012).

In this case, Shukla argues that the Indian government showed willful blindness to SIMI violence when the local police turned away his family in 1993 as they attempted to report the first incident.[2] In rejecting his CAT claim, the BIA concluded that this evidence was insufficient to constitute willful blindness. Shukla has not demonstrated that the record compels a contrary finding, particularly given that (1) the incident took place twenty years ago, and (2) the Indian government has made efforts to combat the SIMI since that time. Indeed, as reflected in the record, those efforts have included arresting SIMI members and banning the organization as a whole. Shukla has not otherwise demonstrated that the agency's denial of CAT relief was error.

V.

For the foregoing reasons, we will deny the petition for review. Shukla's request for oral argument is denied.

---

[2] Shukla admitted that no attempt was made to report the 2002-2003 incident.

6